## No. 68

### McKINNEY v. KENTUCKY CENT. LIFE INS. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1575.   Decided Nov. 9, 1925

**940.   POWER OF ATTORNEY**—Where power of Attorney is executed by beneficiary wherein person therein designated is required to collect insurance and make certain disbursements, such power is revoked by the subsequent accepting of insurance by the beneficiary.

RICHARDS, J.

Robert McKinney brought an action in the Lucas Common Pleas to recover an amount claimed to be due on accidental insurance policies of the life of James Keith who had taken out insurance with the Kentucky Central Life and Accidental Insurance Company. The trial resulted in favor of the Company on a directed verdict and that action of the court was assigned as error.

McKinney claimed that Hulda Keith, the widow, was beneficiary of the policies and after the death of her husband she gave him a power of Attorney to collect the policies and assigned and transferred them or monies due thereunder, to him. The Court of Appeals, in affirming the judgment of the Common Pleas, held:

1. So far as the power of attorney is concerned, it is plainly an instrument by which she constitutes him her agent to collect on the policies and to make certain disbursements; and the power of substitution and revocation is specifically reserved in her.

2. McKinney was the undertaker who interred the deceased and doubtless one of the bills to be paid, was his own bill for funeral services.

3. McKinney's testimony discloses that after the power of attorney was executed he carried it to the Company's office where an agent stated that the money was as good as gold and that he (McKinney) was to go ahead, which must mean that he was to do those things mentioned in the power of attorney.

4. A fair inference is that the agent read the power of attorney, but there was nothing in it which would convey to him the information that McKinney was an undertaker or that he had a bill for services.

5. The statement by the agent was entirely consistent with an understanding on his part that McKinney was empowered by the widow as beneficiary to collect the amount due on the policies and make the disbursements specified.

6. This power of attorney is one coupled with an interest; but even so, it was, by its terms, revocable.

7. The existence of this power of attorney would not debar the beneficiary from herself receiving the amounts due on the policies and company was relieved by its subsequent payment to her.

8. Her act in receiving the money from the company would be an effectual revocation of the power of attorney; and under the terms of that power, McKinney's rights existed only until such time as it should be revoked.

Judgment affirmed.

Attorneys—Jesse L. Heslip for McKinney; Warren L. Smith for Company; both of Toledo.

---

## No. 69

### LICATE v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6657.   Decided Oct. 5, 1925.

**480.   EVIDENCE**—A new trial will not be granted upon newly discovered evidence unless such evidence, if submitted to the court, would probably result in a verdict contrary to that already rendered.

SULLIVAN, J.

Nick Licate was convicted in the Cleveland Municipal Court for having intoxicating liquor in his possession and which conviction was affirmed in the Cuyahoga Court of Appeals. Later Licate filed a petition in the Municipal Court to vacate its judgment because of newly discovered evidence, and in his affidavit on this matter, Licate alleged that one Antonio Depasquale occupied and possessed the premises where the liquor was found. As evidence thereof, a gas bill of the premises was offered which according to the records of the East Ohio Gas Co. bore the name of said Depasquale and which tends to show that he was in possession of the premises when the liquor was found.

The Municipal Court refused to grant a new trial and error was prosecuted by Licate upon the ruling of the Court below. The Court of Appeals held:

To warrant Licate a new trial upon the newly discovered evidence, the proof must be of such nature that had it been submitted to the trial court, a verdict and judgment contrary to that already rendered would have probably resulted. The additional evidence offered by Licate is not sufficient to warrant a Court to grant a new trial.

Judgment affirmed.

Attorneys—George D. Castello for Licate; Carl Shuler for State; both of Cleveland.